Mr.. Justice CATRON
 

 delivered the opinion of the court.
 

 This is an appeal from a decree- rendered by the Superior Court of the district of East Florida, by which it was adjudged that no limitation existed to the filing for adjudication a claim for land under the acts of 23d May, 1828, and of 26th May, 1830.
 

 
 *623
 
 The petition to the Superior Court of- Florida was filed in 1843 by Marvin, to have confirmed to him seven thousand acres.of land on the river St. John’s, by a concession in the first' form made in favour of Don Bernardo Stegui, on the 20th December, 1815, by Governor Estrado: and the first question presented below was, ana is here, had the Superior Court jurisdiction to entertain the cause ? That court having adjudged‘that the act of 1830 had no limitation in it, and our conclusion being to the contrary, we will briefly state our reasons for reversing the decree and for ordering the petition to be dismissed.
 

 The first act conferring jurisdiction on certain courts of the United States, to adjudge tides to land of the foregoing description, wqs that of May 26, 1824, and applicable to lands lying within the state of Missouri and territory of Arkansas. By. the 5th section óf that act it was declared, that all claims within its purview should 'be brought by petition before the District Court within two years from, the passing of 'the act; and when so brought before the court, if the claimant, by his' own neglect or delay, failed to prosecute the cause to final decision within three years, he' should b'e for ever barred, both at law and in equity; and that no other action at common law, or proceeding in equity should ever thereafter be sustained, in any court whatever in relation to said claims.
 

 By the act of 1828, sect. 3, the provisions of the act of 1824 were extended to the Superior Court of Florida, with some" modifications.; and among others by sect. 12, that any claims to lauds within the purview of that act which should not be brought by petition before the proper court within one year from the passing of the act; or which, being brought before the court, should not on account of the neglect, or delay of the claimant, be prosecuted to a filial decision within two years, should be for ever barred; and that no action at common law or in equity should ever thereafter be sustained in any court whatever. And by sect. 13, the decree was to be conclusive between the United States and the claimant.
 

 The. act of 1830, in its 1st, 2d, and 3d sections, confirms various claims; and in the 4th section declares, that all the remaining claims which had been presented according to law to certain boards of commissioners referred to in the previous sections, and not finally acted on by Congress, should be adjudicated and finally settled upon the samé conditions, restrictions and limitations, in every respect, “ as areprescribed’by the act of Congress approved May 23, 1828, entitled an act supplementary to the several acts providing for the settlement and confirmation of private land claims in Florida.” The last law. of 1830 is also entitled an act to provide for the same purpose: It is supplementary to, and in effect re-enacts the law of 1828; carrying with it the'entire provisions of the previous statutes, save in so far as previous parts of them were modified by subsequent conflicting provisions. The policy of Congress
 
 *624
 
 was to settle the claims in ,as short a time as practicable, so as to éñable the government to sell the public lands.; which could not be done with propriety until the private claims were' ascertained. As these "were many in number, and for large quantities, no choice was left to the government but their speedy settlement, and severance •from the public domain; such has been-its anxious policy throughout, as appears. from almost every law passed on the subject. In Í828 the time for filing petitions before the courts was evfen reduced from two years, to one, and a positive bar interposed in case of failure. This policy we think Congress intended to- maintain, and that the courts of Florida had .no jurisdiction to receive a petition for the confirmation of an incomplete concession like the one before us, after the 26th of May, Í831.
 

 So.me stress has heen placed on the language .employed by this court in 'Delespine’s case, 15 Peters, 329; and on which it is supposed the court below founded its decree on the head of jurisdiction. There an amended, petition.had been filed after the expiration of. a 'year' from the 26th of May, 1831, and the., question was whether the defective petition, filed-in time, had .saved the bar, and it was held, that it had: But so far from holding that no bar existed, the contrary is rather tó be inferred; the direct question was neither decided or intended to be.
 

 • For the reasons stated,/we order the decree of the Superior .Court of ‘East Florida to be reversed, and .direct that the appellees? petition be dismissed.