ALEXANDER M. HOLLINGWORTH *v.* THE STATE OF OHIO.

1. The collection of intermediate toll for travel on that portion of the National road lying in this state, as authorized by the act of April 12, 1870, is not in violation of the compact, under the act of the general assembly of Ohio of February 4, 1831, and the act of Congress of March 2, 1831, whereby that part of the road was ceded by the general government to the state.

2. The repeal, by the act of May 13, 1861, of the first *proviso* in section four of the act of February 4, 1831, was within the right reserved to the State of Ohio by the fifteenth section of the last-named act.

MOTION for leave to file a petition in error to the District Court of Muskingum county.

The defendant in error recovered a judgment against the plaintiff in error, in the Court of Common Pleas of Muskingum county, for $115.94, on account of intermediate tolls for travel on the National road between gates Nos. 8 and 9, from July 1, 1870, to February 28, 1874.

The defendant below, in his answer to the plaintiff's petition, set up, among other things, that within the limits of the road over which he was charged with traveling, there was no toll-gate, and, also, that " a large portion of said road traveled and used by defendant lies within the corporate limits of the city of Zanesville, and by agreement with the plaintiff, said city repairs said road to the extent of one-half, within said corporate limits, and in consideration thereof, no toll is payable for travel within said city;

·and, as to the remainder of the road so used by defendant, he did not travel the same so much as charged in the petition." To this answer there was no reply.

On the trial of the case, the plaintiff proved its claim, as stated in the petition, showing, however, that a portion of the travel by the defendant, for which tolls were charged, was within the limits of the city of Zanesville. Thereupon, the court " held, found, and adjudged, that the defendant was liable for all travel on said road (except going to and from church and funerals), whether within the city limits or not, and whether within the business portion of the city or not, and whether he passed any toll-gate or not." To all of which the defendant excepted.

On petition in error, the district court affirmed the judgment of the common pleas.

*W. H. Ball*, for the motion.
*A. W. Train*, contra.

McILVAINE, J. The plaintiff in error contends that the state has no right to collect " intermediate toll " for travel on the National road, or, in other words, that toll can only be collected from persons who pass by, through, or around its toll-gates.

It is not disputed that the supplementary act of April 12, 1870 (67 Ohio L. 46), by its terms authorizes the collection of such intermediate tolls; but the contention is, that this act is in violation of the conditions upon which the National road was ceded to the State of Ohio by the general government.

· The conditions of this cession are found in the act of the general assembly of Ohio, entitled " an act for the preservation and repair of the United States road," passed February 4, 1831, and the act of Congress, entitled " an act declaring the assent of Congress to an act of the general assembly of the State of Ohio, herein recited," passed March 2, 1831. 4 U. S. Stat. at Large, 483.

It is true that, by these last-named statutes, provision is made for the collection of toll only at toll-gates, the num-

ber of which is not to exceed one in any distance of twenty miles, and from persons only who pass by or through the gates with vehicles or stock; but the right was nevertheless secured, by this compact, to the state (section 15 of the act of February 4, 1831), to change, alter, or amend the act, without the consent of Congress, *provided* only that no change, alteration, or amendment should be made so as to reduce or increase the rates of toll below or above a sum necessary for certain specified expenses. And we are of opinion that the right thus reserved and secured to the state, saves the provisions of the act of April 12, 1870, from the objections urged against them by the plaintiff in error.

But while this statute of 1870 is free from constitutional infirmity, it must be observed that, by the terms of the *proviso* contained in the second section, certain exemptions from liability to pay intermediate toll are declared; and further, it is quite clear that the legislature did not intend to authorize the collection of intermediate toll for such use of the road, as before and since the passage of the act was exempt from toll, when the person using the road passed by or through any of the toll-gates. For instances of exemption from intermediate toll, thus implied, provision is made in section eleven of the act of May 13, 1861 (58 Ohio L. 140), viz., passing to or from public worship on Sunday, to or from a funeral, etc.

Other uses of the road were exempted from toll by the act of February 4, 1831. The *first proviso* contained in section four of that act was as follows: "*Provided*, that nothing in this act shall be construed so as to authorize any tolls to be received or collected from any person passing to or from public worship, or to or from any musters, or to or from a funeral, or to or from a mill, or to or from his common place of trading or marketing within the county in which he resides, including wagons, carriages, and horses and oxen drawing the same." The whole of this section, however, was, in terms, repealed by the act of May 13, 1861, without saving all the exemptions contained

in the *proviso*. Was it within the power of the legislature to cut off any of those exemptions?

That the act of 1831 contained contract stipulations with the general government, which, after the assent of Congress, became irrepealable, is clear enough; and so it has been decided by the Supreme Court of the United States, in the case of *Neil, Moore & Co.* v. *The State of Ohio*, 3 How. 620. But that it also contains provisions which were not intended to be included in the compact, is manifest from section fifteen, which declares " that it shall be lawful for the general assembly, at any future session thereof, without the consent of Congress, to change, alter, or amend this act; provided, that the same shall not be changed, altered, or amended so as to reduce or increase the rates of toll hereby established below or above the sum necessary to defray the expenses incident to the preservation and repair of said road," etc. The provisions thus intended to be made subject to change, alteration, or amendment, at the will of the general assembly, certainly were not stipulations in the compact between the two governments, but were such provisions in the act as only had the force of statutory law. Among the former was the *second proviso* contained in the fourth section, to wit: " That no toll shall be received or collected for the passage of any stage or coach conveying the United States mail," etc. 3 How. 620. The latter evidently were those provisions concerning details in which the government of the United States had no interest. Among these, we think, the matters contained in the *first proviso* should be classed. In reference to this *first proviso*, Taney, C. J., in delivering the opinion of the court in *Neil, Moore & Co.'s* 'case, said: " And so in regard to the privilege of passing free on certain occasions, given by the law, it is undoubtedly in the power of the state, if it thinks proper, to revoke it, since the exemption was a mere voluntary act, founded on no valuable consideration, but growing out of what was then supposed to be a just and liberal policy which the state could afford to exercise; but

which it had a right to change whenever it was deemed necessary to do so."

And, again, that the legislature intended a distinction between the nature of the privileges secured by the different *provisos*, seems to arise from the difference in the terms. The second *proviso* is, " that no toll shall be received or collected," etc.—an absolute inhibition against the power to receive or collect toll; while the first *proviso* is, " that nothing *in this act* shall be construed so as to authorize any tolls to be recovered or collected," etc.—a mere rule for the construction of a particular statute, but no inhibition upon the exercise of the right to enact other laws, or to change, alter, or amend the act itself, as was reserved in the fifteenth section.

We find no restriction. anywhere in the law, upon the right of the state to collect tolls for the using of the road within the limits of towns and cities; but are of opinion that, upon the facts admitted by the pleadings, the court of common pleas erred in allowing toll for using the road within the corporate limits of Zanesville. It appears from the undisputed averments of the answer, that under an agreement between the state and city, in consideration of repairs upon the road made by the city, within its limits, no toll was to be paid for using the road within the city. We see no objection to the validity of such an agreement, and its existence being admitted by the pleadings, the defendant below was entitled to the privilege secured by it.

Motion granted, judgments reversed, and cause remanded to the common pleas for new trial.